## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DAMIEN HERTA**                                    **CIVIL ACTION NO.**

**VERSUS**

                                                    **21-131-BAJ-EWD**

**TRANSPORT RISK SOLUTIONS**
**RISK RETENTION GROUP, INC.,**
**ET AL.**

### NOTICE AND ORDER

      This is a civil action involving claims for damages allegedly sustained by Damien Herta ("Plaintiff") as a result of a motor vehicle collision that occurred on or about January 10, 2020.[1] Specifically, Plaintiff claims that he was injured when a vehicle operated by Christopher Roberts, Jr. ("Roberts"), who was in the course and scope of his employment with KLLM Transport Services ("KLLM"), "struck" Plaintiff's vehicle while Plaintiff was "stopped on private property."[2] Plaintiff also claims that at the time of the collision, Transport Risk Solutions Risk Retention Group, Inc. ("Transport Risk") "provided automobile liability insurance coverage" for the vehicle driven by Roberts and owned by KLLM.[3] On December 21, 2020, Plaintiff filed his Petition for Damages ("Petition") against Roberts, KLLM, and Transport Risk (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[4] KLLM and Transport Risk (collectively, "Removing Defendants") removed the case to this Court on March 3, 2021, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[5]

---

[1] *See, generally*, R. Doc. 1-3.
[2] *Id*. at ¶¶ IV, V, and IX
[3] *Id*. at ¶ VIII.
[4] *Id*.
[5] R. Doc. 1 at introductory paragraph.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. As explained below, the Notice of Removal is deficient both as to citizenship allegations and as to amount in controversy.

*Citizenship of KLLM and Transport Risk*

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient."[6] While citizenship has been adequately alleged as to Roberts[7] and Plaintiff,[8] it is not clear that the parties are diverse because citizenship has not been adequately alleged as to KLLM or Transport Risk.

Removing Defendants allege (1) that KLLM is "considered a citizen of the State of Texas" because it is a "foreign corporation whose principal business address is 1755 Wittington Place, Suite 300, Dallas, Texas 75234"; and (2) that Transport Risk is "considered a citizen of the State of South Carolina" because it is a "foreign insurance corporation, with a principal business address of 146 Fairchild Street, Suite 135, Charleston, South Carolina."[9] Similarly, Plaintiff alleges in his Petition that KLLM and Transport Risk are both "foreign corporation[s] authorized to do and doing business in the State of Louisiana."[10] Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State

---

[6] *Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).

[7] R. Doc. 1, ¶ 11 (Roberts is "domiciled in and a citizen of Spanish Fort, in the State of Alabama"). As Removing Defendants have alleged Roberts' domicile, they have sufficiently alleged the citizenship of Roberts. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

[8] In the Notice of Removal, Removing Defendants allege that Plaintiff is "a person of full age of majority and is a Louisiana citizen." R. Doc. 1-1, ¶ 1.

[9] R. Doc. 1, ¶¶ 3-4.

[10] R. Doc. 1-3, p. 2, ¶ I.

or foreign state where it has its principal place of business…"[11] Neither the Notice of Removal nor the Petition adequately allege the places of incorporation of KLLM and Transport Risk.

*Amount in Controversy*

It is also not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[12] Plaintiff alleges he "suffered and continues to suffer with injuries to the body" as a result of the collision, and he seeks the following past, present, and future damages: (A) physical pain and suffering, (B) mental anguish and emotional pain, (C) medical expenses, (D) loss of enjoyment of life, and (E) future lost wages.[13] In their Notice of Removal, Removing Defendants assert that amount in controversy exceeds $75,000, exclusive of interest and costs, based on (1) the foregoing injuries and damages allegations, and (2) Plaintiff's failure to respond to Defendants' requests for admission asking Plaintiff to admit that the "good faith amount in dispute between plaintiff and defendants exceeds $75,000.00, exclusive of interests and costs" and to admit that Plaintiff "will remit, waive, and relinquish in State Court any award of damages in excess of $75,000.00, exclusive of interests and costs," which "constitutes an admission" under La. Code Civ. P. art. 1467(A).[14]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations of injuries and demands for general categories of damages (*e.g.*, physical pain and suffering, mental anguish and emotional pain, medical expenses, loss of enjoyment of life, future lost wages, etc.)[15] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading

---

[11] *See also, Getty Oil*, 841 F.2d at 1259.
[12] *See* 28 U.S.C. § 1332(a).
[13] R. Doc. 1-3, p. 3, ¶¶ VI-VII.
[14] R. Doc. 1, ¶¶ 9, 15. *See also* R. Doc. 1-4 (Request for Admission Nos. 1 and 2).
[15] R. Doc. 1-3, p. 3, ¶ VII.

3

general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[16]

In this case, the Notice of Removal contains no detailed description of any of the actual injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment, the actual amount of medical expenses Plaintiff has incurred thus far, Plaintiff's prognosis and recommended future treatment, or whether Plaintiff is working/can work. Removing Defendants have not offered any medical information regarding Plaintiff's injuries, treatment, prognoses, and expenses in support of the amount in controversy. There is also no evidence of any settlement demand, discovery responses, or other relevant documents that would have bearing on the amount in controversy.

Further, while a party's failure to timely respond to a request for admission results in the statement being deemed admitted under Louisiana law,[17] such "admissions" "are only one factor a court may consider when determining whether the amount in controversy is sufficient to support federal jurisdiction."[18] "Litigants cannot bestow subject matter jurisdiction on federal courts by

---

[16] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.

[17] La. Code Civ. P. art. 1467.

[18] *See DeJean v. Mars Wrigley Confectionary*, Action No. 20-623-SDD-EWD (M.D. La.), at R. Docs. 3, 12, and 15 (discussing whether a plaintiff's failure to respond to a request for admission regarding whether the value of his claims exceed $75,000 for diversity jurisdiction purposes and, ultimately, remanding the case to state court after the "parties agree[d] that the amount in controversy cannot be established at this time."). *See also Franklin v. Tom Hassel Transport, Inc.*, No. 19-2228, 2019 WL 2755093, at *3 (E.D. La. July 2, 2019) (remanding the case to state court after determining it lacks subject matter jurisdiction due to defendant's "failure[e] to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000" because defendant's reliance on "[p]laintiff's untimely response to a request for admission and [p]laintiff's refusal to stipulate [were] insufficient to overcome th[e] dearth of evidence" regarding the value of plaintiff's claims). In *Franklin*, the defendant, relying on *Gayden v. Winn-Dixie Montgomery, Inc.*, No. 13-6232, 2014 WL 433503, at *4 (E.D. La. Feb. 4, 2014) (holding that that a deemed admitted request for admission "qualifies as 'other paper' by the terms of 28 U.S.C. § 1446(c)(3)(A) and triggered the 30-day removal clock"), argued that plaintiff's belated denial of a "request for admission that the amount in controversy is above $75,000" was sufficient to establish the amount in controversy requirement. 2019 WL 2755093, at *3. The *Franklin* Court disagreed, distinguishing *Gayden* as follows: "The issue in *Gayden*, however, was not whether the amount in controversy had been met, but whether the removal was timely." *Id.* For the same reason explained in *Franklin*, *Gayden* is of little utility in determining whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs, in this case.

waiver or consent."[19] In *Jones v. AAA Club Family Ins. Co.*, the Eastern District of Louisiana, faced with the argument that the amount in controversy requirement was met by "plaintiff's failure to answer a request for admission in state court directed to the existence of the jurisdictional minimum," explained that plaintiff's "failure to answer cannot support this Court's subject matter jurisdiction alone because it represents another form of the parties' consent to jurisdiction, which is not allowed."[20] Here, Plaintiff's failure to respond to Defendants' request for admission about the value of his claims is insufficient to carry Removing Defendants' burden of establishing the amount in controversy by a preponderance of the evidence.

Finally, to the extent that Removing Defendants are suggesting that the amount in controversy is satisfied based on Plaintiff's refusal (or failure) to admit that he "will remit, waive, and relinquish…any award of damages in excess of $75,000.00, exclusive of interests or costs,"[21] a plaintiff's refusal to execute a stipulation is only one factor to be considered and is not determinative of the amount in controversy.[22] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

---

[19] *Franklin*, 2019 WL 2755093, at * 3, citing *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citation omitted).

[20] No. 07-6988, 2007 WL 4365443 (E.D. La. Dec. 10, 2007).

[21] R. Doc. 1-4 (Request for Admission No. 2).

[22] *See, e.g.*, *Johnson v. Petsmart, Inc.*, No. 16-3448, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *and id.* at n. 83, ("See *Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.*, No. 99-2783, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').").

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity among the parties and the amount in controversy requirement has been met.[23]

Accordingly,

**IT IS ORDERED** that **by no later than March 23, 2021**, Removing Defendants shall file a comprehensive Amended Notice of Removal, that contains all their numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of KLLM and Transport Risk, as described in this Notice and Order.

**IT IS FURTHER ORDERED** that **by no later than March 30, 2021**, Removing Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDRED** that **by no later than April 13, 2021**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Removing Defendants established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 16, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").